

# THE ATTORNEY GENERAL

## OF TEXAS

PRICE DANIEL
ATTORNEY GENERAL

AUSTIN, TEXAS

May 18, 1950

Hon. C. H. Cavness
State Auditor
Austin, Texas

Opinion No. V-1061

Re: Judicial retirement, in-
cluding assignment and
compensation of retired
Judges selected for ac-

Dear Mr. Cavness:                    tive trial court duties.

        Your request for an opinion on several ques-
tions relative to the assignment and compensation of
retired District Judges selected for active trial court
duties advises that:

        "Several District Judges, who have re-
    tired and are now receiving benefits under
    the provisions of Article 6228b, have ex-
    pressed a willingness, if authorized under
    the Constitution and Laws of this State, to
    sit as Judges in any of the District Courts
    of this State. I am informed that in some
    Judicial Districts where the docket is some-
    what crowded that the service of these re-
    tired District Judges is needed."

        We shall quote and answer your specific ques-
tions in the order submitted.

        "1.  Would a former District Judge,
    retired and receiving retirement pay under
    the provisions of Vernon's Texas Civil Stat-
    utes, 6228b, consenting thereto and assigned
    to sit as Judge in any District Court of
    this State, and while so acting under such
    assignment, have all the powers of the regu-
    larly elected or appointed, qualified and
    acting Judge of such District Court?"

        Section 1-a, Article 5, Constitution of Texas,
provides:

"The Legislature shall provide for the retirement and compensation of Judges and Commissioners of the Appellate Courts and Judges of the District and Criminal District Courts on account of the length of service, age or disability, and for their reassignment to active duty where and when needed." (Emphasis added throughout unless otherwise indicated.)

Pursuant to this constitutional mandate, the 51st Legislature enacted House Bill 33 (Acts 51st Leg., R.S., 1949, Ch. 99, p. 181), which has been codified as Article 6228b, V.C.S. Section 7 thereof provides:

"Judges retired under the provisions of this Act shall be judicial officers of the State, and during the time they are receiving retirement pay shall not be allowed to appear and plead as attorneys at law in any Court of record in this State, and shall, with their own consent, be subject to assignment by the Chief Justice of the Supreme Court to sit in any Court of this State of the same dignity, or lesser, as that from which they retired, and if in a District Court, under the same rules as provided by the present Administrative Judicial Act, and while so assigned, shall have all the powers of Judges thereof. While assigned to said Court such Judges shall be paid an amount equal to the salary of Judges of said Court, in lieu of retirement allowance."

Under the express provisions of this section, any retired Judge assigned to sit as Judge in any District Court of this State is given the powers of the regular Judge of such District Court while so assigned. Your first question is accordingly answered in the affirmative.

"2. If question '1' is answered 'yes,' then, who is authorized to assign such retired District Judge to do trial work? Is such assignment made by the Chief Justice of the Supreme Court or by the Judge of the Administrative Judicial District where such retired District Judge may reside?"

In the above quoted provisions of Section 7 of Article 6228b, we find that the authority to assign retired Judges to sit in District Courts of this State is vested in the Chief Justice of the Supreme Court. The provision that such assignment shall be "under the same rules as provided by the present Administrative Judicial Act" (Art. 200a, V.C.S.), does not divest the Chief Justice of the Supreme Court of authority to make the initial assignment or place such authority in the Presiding Judge of the Administrative Judicial District where the retired Judge resides.

"3. Section 7 of the Act is one dealing with the assignment of retired Judges to active duties. The opening words of that section are: 'Judges retired under the provisions of this Act ***.' A question has arisen in the minds of some of the Judges whether a District Judge who retired before the effective date of the Act, falls within that designation. May I ask you to construe this section of the Act?"

Judges entitled to retire under the provisions of Article 6228b are set out in Sections 2, 3 and 4 thereof, which read as follows:

"Sec. 2. Any Judge in this State may, at his option, retire from regular active service after attaining the age of sixty-five (65) years and after serving on one (1) or more of the Courts of this State at least ten (10) years continuously or otherwise, provided that his last service prior to retirement shall be continuous for a period of not less than one (1) year. If he retires under the provisions of this Act and complies with the requirements of this Act he shall, during the remainder of his lifetime, receive retirement pay from the State of Texas in monthly installments, in a sum equal to five per cent (5%) of the amount he was receiving from the State of Texas at the time of retirement, multiplied by the number of years of service on one or more of the Courts of the State; provided, however, that the amount of retirement pay shall in no case be more than fifty per cent (50%) of the total amount

being received by him annually from the State of Texas at the time of retirement; and such amount of retirement pay shall not be reduced during the lifetime of the Judge coming under the provisions of this Act.

"Sec. 3.  If a Judge has served on one (1) or more of the Courts of this State at least ten (10) years, continuously or otherwise, and because of disability can no longer perform his regular judicial duties as such Judge, he shall be retired from regular active service, irrespective of his age, and shall be entitled to retirement pay during the remainder of his lifetime or during the period of such disability, under the same conditions and limitations as provided in Section 2 of this Act.  The period of disability as provided in this Section shall be determined as provided in Section 9 of this Act.

"Sec. 4.  Any person who was, or but for the abolishment of such Court before the expiration of his term of office would have been, serving as a Judge of a Court of this State at the time the Retirement Amendment, House Joint Resolution No. 39, was adopted November 2, 1948, and who had served on one (1) or more of the Courts of this State at least ten (10) years, continuously or otherwise, and had attained the age of sixty-five (65) years at the time of the adoption of the Retirement Amendment, shall be deemed to come within the provisions of this law and be entitled to receive retirement pay under the same terms and limitations provided in Section 2 of this Act, regardless of whether he is now serving on a Court of this State.  Any person who has served on one (1) or more Courts of this State as defined herein for twenty-five (25) years or more at any time, continuously or otherwise, provided that his last service prior to the date of retirement shall have been continuous for a period of not less than ten (10) years, shall likewise be entitled to retirement pay under the provisions of this Act."

It is noted that Judges who retired prior to the effective date of the Act may be entitled to retirement benefits under the provisions of Section 4.  Upon

complying with the requirements of the Act they would be "retired under the provisions of this Act" even though they retired as Judges prior to its effective date.

A Judge may be entitled to retirement benefits yet not desire to avail himself of those benefits. Until he does, he would not be "retired under the provisions of this Act." We therefore construe the term "Judges retired under the provisions of this Act" to mean all Judges who are entitled to, apply for, and actually receive, retirement pay under the provisions of Article 6228b.

"4.  Is the salary of a retired Judge while on active duty by assignment, to be paid out of the funds set aside by the Retirement Act, or from the appropriation made by the Legislature for carrying on the judiciary, separate from the appropriations made for retired judges?"

Section 7 of Article 6228b provides in part that:

"...  While assigned to said court such judges shall be paid an amount equal to the salary of judges of said court, in lieu of retirement allowance."

Section 5 of said Article provides:

"From and after the effective date of this Act every Judge of this State shall contribute five per cent (5%) of his annual salary paid by the State to assist in carrying out the provisions of this Act.  One-twelfth (1/12) of such amount shall be deducted by the State Comptroller each month from the salary of such Judge and the balance only paid him by the Comptroller.  The amount deducted shall remain in the State General Fund and be subject to appropriation by the State Legislature as other moneys in said Fund.  The Legislature shall appropriate such sums of money as may be necessary to carry out this Act."

In accordance with the last sentence of the above provisions, the 51st Legislature, in the General Appropriation to the Judiciary of the State, made the following appropriation (Acts 51st Leg., R.S., 1949, Ch. 585, p. 1160):

<table>
</table>

|  | "For the Years Ending | |
|---|---|---|
|  | August 31, 1950 | August 31, 1951 |
| "16. Apportionment to Judiciary Retirement System as per H.B. 33, Acts, 51st Legislature, Regular Session, 1949 ........... | 75,000.00 | 75,000.00" |

In Opinion No. V-866, dated September 6, 1949, this office held:

"The appropriation to 'the system' is broad in scope. We interpret the appropriation as having been made to carry out the provisions of the Constitution and that portion of H.B. 33 which authorizes an appropriation 'to carry out this Act.'"

The provisions of Section 7 of the Judicial Retirement Act, relative to the assignment of retired Judges to sit in District Courts of this State and their compensation while so sitting, is as much a part of this Act as those provisions relative to payments of retirement allowances to retired Judges while inactive. The money apportioned by the 51st Legislature to the "Judiciary Retirement System as per H.B. 33, Acts, 51st Legislature," must have been apportioned for the pay of retired Judges coming under the provisions of the Judicial Retirement Act, whether they are in complete retirement or are reassigned to active duty by the Chief Justice of the Supreme Court.

If inactive, the Judge receives an allowance computed under the formula set out in the Act. If assigned to active duty, his allowance is to be an amount equal to the salary of the Judge of the Court to which he is assigned. You are therefore advised that the compensation of retired Judges while on active duty is to be paid out of the funds apportioned by the Legislature to the Judiciary Retirement System.

## SUMMARY

Retired Judges receiving retirement pay under the provisions of Article 6228b, V.C.S., assigned to sit as Judges in District Courts

of this State have all the powers of the regular Judges of said District Courts while so sitting.

The Chief Justice of the Supreme Court has the sole authority under Article 6228b to assign retired Judges to sit as Judges in District Courts of this State.

The term "Judges retired under the provisions of this Act" as used in Section 7 of Article 6228b means all Judges who are entitled to, apply for, and actually receive, retirement pay under the provisions of said Article.

The compensation of retired Judges while on active duty is to be paid out of the funds apportioned by the Legislature to the Judiciary Retirement System.

APPROVED:

Charles E. Crenshaw
Oil and Gas Division

Joe Greenhill
First Assistant

Price Daniel
Attorney General

Yours very truly,

PRICE DANIEL
Attorney General

By  Durward M. Goolsby
Assistant

DMG:db